MORRISON v. NORTH AMERICAN TRANSPORTATION & TRADING CO.

(Circuit Court, D. Washington, N. D. February 7, 1898.)

REMOVAL OF CAUSES—JOINDER OF ASSIGNED CAUSES OF ACTION.

A suit was brought in a state court on a cause of action for breach of contract between plaintiff and defendant; also on seven other causes of action for damages for the breaking of other contracts with third parties, which causes of action were assigned to plaintiff. Defendant removed the cause to a federal court. *Held*, that defendant could not thereafter question the jurisdiction of a federal court as to the assigned causes of action, on the ground that it would not have had jurisdiction if no assignment had been made.

This was an action founded on breaches of contract, and was brought by Donald Morrison against the North American Transportation & Trading Company, a corporation of the state of Illinois.

Upton, Arthur & Wheeler, for plaintiff.
Fred Bausman, for defendant.

HANFORD, District Judge. The complaint alleges a cause of action for damages for the breaking of a contract made and entered into by and between the plaintiff and the defendant, also seven other causes of action for damages for the breaking of seven other contracts made and entered into by and between the defendant and other persons, and alleges the assignment of the seven causes of action to the plaintiff. The defendant, after having removed the case to this court from the state court in which it was commenced, questions the right of the plaintiff to prosecute the case in this court as to the seven assigned causes of action, on two grounds, viz. they are not as-

signable, and this court has no jurisdiction to take cognizance thereof, for the reason that it does not appear that there would have been any ground for federal jurisdiction if no assignment had been made.

As to the first cause of action, there is a controversy between citizens of different states, and on that ground this court has jurisdiction, and the case is removable. It is not the intention of the law to work an injustice to a plaintiff by authorizing a defendant to remove a cause into a United States circuit court, and by that proceeding deprive the plaintiff of the right which the law gives him of joining in one action several causes of action. The right of removal is for the purpose of having an adjudication upon the merits, and is not given for the mere purpose of defeating a right of action, without a trial on the merits.

The Code of this state authorizes an assignee to sue in his own name upon any judgment, specialty, book account, or other chose in action for the payment of money, when the assignment has been made in writing by a person authorized to make the same. 2 Ball. Codes & St. Wash. § 4835. A chose in action is a right of proceeding in a court of law to procure the payment of a sum of money, or to recover pecuniary damages for the infliction of a wrong or the nonperformance of a contract. 1 Rap. & L. Law Dict. 206, 207. Each of the causes of action in this complaint subsequent to the first is, according to the legal definition of the phrase, a chose in action for the payment of money, and may be assigned, and a suit thereon maintained in the name of the assignee by virtue of the laws of this state.