(13 Misc. Rep. 85.)

### KIELEY v. CENTRAL COMPLETE COMBUSTION MANUF'G CO.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

SERVICE OF SUMMONS—FOREIGN CORPORATION.

> An attachment was issued against a foreign corporation, and the papers served on a person within the state, who had money in his hands alleged to belong to the corporation. Such person delivered the papers to defendant's managing agent in the state, who claimed that the money belonged to him. The managing agent sent the papers to defendant, and advised that some action be taken in the matter. *Held*, a sufficient service on the managing agent to give the court jurisdiction.

Appeal from special term.

Action by Timothy J. Kieley against the Central Complete Combustion Manufacturing Company. From an order denying a motion to vacate an attachment on the ground of a failure to serve the summons within 30 days after the issuing of the warrant, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

Charles J. Hardy, for appellant.
Melville Egleston, for respondent.

DALY, C. J. This is an appeal from an order of the special term of this court denying defendant's motion to vacate an attachment granted on November 14, 1894, against the defendant, as a foreign corporation. Code, § 636. The ground of the motion is that the plaintiff had not complied with the provisions requiring that, within 30 days after the granting of the attachment, defendant must be served with the summons personally within or without the state, or by publication pursuant to an order therefor. Id. § 638. It appears that defendant, as a foreign corporation, filed with the secretary of state the designation required by law, naming one Caleb R. Ayer as the person upon whom process against it could be served,

but it also appears that such person was not to be found in the state; that the attachment was levied upon moneys belonging to the company in the hands of one Rutzler, which moneys were claimed by one Colwell; that Colwell received from Rutzler the papers served upon and left with him by the deputy sheriff who levied the attachment; that Colwell communicated the fact of the attachment and the action to the board of directors of the defendant corporation, and advised them to take some action in the matter; that he called on plaintiff's attorney, and suggested giving a bond for the release of the attachment; that he promised to aid in making service of process, and directed that nothing further be done until advised by him.   During all this time Colwell was the managing agent of the defendant.   The papers which Colwell received from Rutzler, and which were left with the latter by the deputy sheriff when he levied the attachment, were the summons and complaint in this action and the affidavit and undertaking upon attachment.   The delivery of these papers to him was a sufficient service of the summons upon the defendant within the prescribed time.   Service upon a foreign corporation may be made upon its managing agent.   Code, § 432, subd. 3.   It is contended that the service was not good, because the papers were not delivered to Colwell by Rutzler with intent to effect a service, and, after being taken away by Colwell, were afterwards returned by him to Rutzler.   But the delivery of the papers to Colwell, and the knowledge of the company of the action, through his communication to the directors, was sufficient service, under the Code.   The object of the summons is to advise the defendant of the commencement of the action, so that he may protect his rights, and the object was fully accomplished in this case. Chemical Works v. Jochen (Gen. Term, First Dept.) 8 Civ. Proc. R. 424.   In that case the summons had been left by a deputy sheriff with a stranger, not on defendant's premises, but it reached the bookkeeper of defendant, and was delivered to the latter, who placed it in the hands of his attorney; and that was held to be sufficient service, under section 638 of the Code.   In this case the papers were left with the custodian of the property attached, who delivered them to the managing agent of the defendant; and the board of directors of the latter was notified, and placed the matter in the hands of its attorneys.   The cases are very much alike, and the reasoning of the decision is clearly applicable.   In the case cited, as in this, there were facts and circumstances which warrant the impression that the course of events was watched and uninterrupted with a view to defeat the plaintiff's attachment, and in this case there is evidence of active means taken by Colwell to effect that purpose.

The affidavits present a question of fact as to whether Colwell was the general agent of the company, but the weight of evidence is with the plaintiff.   It is conceded that he was the manager of the company up to April, 1894, and the burden was on defendant to show the termination of the relations.   Upon proof that one had been agent and had resigned even, but still acted in some capacity for the defendant, it is for the latter to show the precise nature and

extent of his agency, as it was obviously within its power to do so. Donadi v. Insurance Co., 2 E. D. Smith, 519. It was shown by the evidence of a director of the defendant that from July, 1893, when Colwell obtained the option to buy out the company, all business in New York that had been done by or for the company had been done by Colwell, acting as manager and general agent; that he held himself out to be such manager and general agent, his name with that designation being stamped on the books of design and pamphlets of the company; and that his office in New York was the office of the company. And it was shown that he communicated with the company as to this attachment, and asked that some action should be taken; that he had received orders for boilers for the company, and had submitted propositions in its name therefor; and all this down to and subsequent to the time of the attachment. From the evidence it was manifest that, although the company had a full board of officers and directors, it had done no business for over a year and a half, unless the business done by Colwell was the business of the company; and yet it was not contended that it had ceased to do business, although affidavits were made by its president and secretary and by Colwell; and it is certain that Colwell, with the knowledge of the directors, continued to hold himself out as manager and general agent. It was to Colwell's interest to have it appear that he was not doing business for the company, although styling himself its agent; for he claimed the moneys attached, on the ground that by arrangement with the company they were to be collected by him, as the work for which they were intended as payment was subcontracted by the defendant, and he paid the cost thereof. Notwithstanding this claim, he received an assignment from the company of such moneys after the attachment was levied. Upon the evidence, therefore, it was satisfactorily established that Colwell had the whole management and agency of any business to be done by the defendant company; that the summons and complaint were delivered to him within the 30 days prescribed by law, and the fact thereof communicated to the defendant, and thus, under the authorities, the provisions as to service were substantially complied with.

The order should be affirmed, with costs and disbursements. All concur.