(54 Misc. Rep. 49)

### RUDD v. McCLEAN ARMS & ORDNANCE CO.

(Supreme Court, Special Term, New York County. April, 1907.)

CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

Where an officer served is the general manager of a foreign corporation, and is in attendance in the state on the business of the corporation, service on him will confer jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2603–2626.]

Action by Henry W. Rudd against the McClean Arms & Ordnance Company. Motion to vacate service of summons. Denied.

Henry W. Rudd, pro. per.

H. B. Potter, for defendant.

GREENBAUM, J. That there is a lack of harmony in the federal courts as to what constitutes a valid service upon a foreign corporation is doubtless true; but it seems to me that the trend of the more recent decisions is to the effect that, where the officer served is the general manager of a corporation, and as such manager is in attendance in the state where service is made on the business of the corporation, no matter to what extent that business may be, service upon the manager would confer jurisdiction. Brush Creek Coal, etc., Co. v. Morgan Elec. Co. (C. C.) 136 Fed. 505, 507. To my mind the reasoning in support of this view is convincing. A nonresident private individual may be served in a state which he enters of his own volition and without trick or device on the part of the plaintiff. A corporation is represented through its duly authorized officers or agents, and when such officers or agents, in the interests of and for the purposes of the corporation, come into another jurisdiction in the business of the corporation, then the corporation may be said to be present in its corporate capacity, and service of process upon its duly accredited officer or manager then and there made should be just as effectual as though made upon a private individual, who, under similar circumstances, might temporarily come within the jurisdiction of the court. Motion to vacate summons is denied, with $10 costs to plaintiff to abide the event.

Motion denied, with $10 costs to plaintiff to abide event.