(December 20, 1909.)

## D. F. DENSEL, Respondent, v. ATLANTA MERCANTILE CO., Appellant.

[106 Pac. 2.]

Domestic Corporations—Managing Agent—Service of Summons on.

1. Under the provisions of sec. 4144, Rev. Codes, where the proof of service of summons recites that the summons was served upon the "manager" of the corporation (naming it), it is *prima facie* evidence of such service upon the corporation, as it will be presumed that such manager is the managing agent thereof unless the contrary appears.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Edward A. Walters, Judge.

Action to recover for money loaned. Judgment for plaintiff. *Affirmed.*

Daniel McLaughlin, for Appellant.

Service of summons on the corporation must be made on some person designated by the statutes, or, to bind a corporation, the service of process must be made upon the identical agent provided by the statutes. (*Applington v. G. V. B. Min. Co.,* 6 Ida. 216, 55 Pac. 241; *Aiken v. Mariposa Min. Co.,* 6 Cal. 186; *O'Brien v. Shaws Flat. etc. Co.,* 10 Cal. 343; *Great West Min. Co. v. Mining Co.,* 12 Colo. 46, 13 Am. St. 204, 20 Pac. 771; *Kennedy v. H. S. & L. Society,* 38 Cal. 151; *Chambers v. King etc. Mfrs.,* 16 Kan. 270; *Union Pac. R. Co. v. Miller,* 87 Ill. 45; *Watertown v. Robinson,* 59 Wis. 513, 17 N. W. 542; *Reddington v. Mining Co.,* 19 Hun, 405; *Cherry v. R. Co.,* 59 Ga. 446.)

W. C. Howie, for Respondent.

The term "managing agent," in designating upon whom service may be had, is merely used to designate some one high enough in authority or of sufficient responsibility so

that a corporation will be presumed to have received notice that the action had been commenced. (*Persons v. Buffalo City Mills,* 29 App. Div. 45, 51 N. Y. Supp. 645; *Brun v. N. W. Security Co.,* 52 Misc. Rep. 528, 102 N. Y. Supp. 473; *Rudd v. McClean Arms Co.,* 54 Misc. Rep. 49, 105 N. Y. Supp. 387; *People v. Tilden,* 121 App. Div. 352, 106 N. Y. Supp. 247; *Russell v. Pittsburgh L. & T. Co.,* 62 Misc. Rep. 403, 115 N. Y. Supp. 950; *Hat-Sweat Mfg. Co. v. Davis Sewing Machine Co.* (N. Y.), 31 Fed. 294; *Palmer v. Chicago Herald Co.* (N. Y.), 70 Fed. 886; *Moher v. Rasmusson,* 12 N. D. 71, 95 N. W. 152; *Union State Bank v. Ry. Co.,* 66 Neb. 159, 92 N. W. 131, 59 L. R. A. 939 (see 942); *Ord Hardware Co. v. Threshing Machine Co.,* 77 Neb. 847, 110 N. W. 551, 8 L. R. A., N. S., 770; *Am. Express Co. v. Johnston,* 17 Ohio St. 641; *Houston v. Filer & Stowell Co.* (Ill.), 85 Fed. 757.) It will be presumed that a manager is a managing agent until shown to the contrary. (*Venner v. Water Co.,* 40 Colo. 212, 122 Am. St. 1036, 90 Pac. 623; *Comet Con. Min. Co. v. Frost,* 15 Colo. 310, 25 Pac. 506; *Cook v. Imperial Building Co.,* 152 Ill. 638, 38 N. E. 914; *Coler v. P. B. Co.,* 146 N. Y. 281, 40 N. E. 779.)

SULLIVAN, C. J.—This action was brought to recover money alleged to have been loaned. Judgment was entered against the defendant by default for $822.65 with interest and costs of suit. The appeal is from that default judgment on the judgment-roll alone.

Appellant's contention is that the judgment-roll contains no evidence that the summons in the action was served on the defendant corporation. The service of the summons was made by one Cy. V. Smith, and his affidavit of service is as follows:

"Cy. V. Smith, being duly sworn, deposes and says: That he is, and at all times mentioned herein was over the age of eighteen years, and not a party to the within action; that he received the within annexed summons on the 13th day of March, 1909, and personally served the same upon the Atlanta Mercantile Company, a corporation, by delivering

to and with Edward Crabbe, manager of said The Atlanta Mercantile Company, a corporation, in the county of Elmore, on the 13th day of March, 1909, a copy of said summons; and that the copy so delivered to and left with said Edward Crabbe, manager of the Atlanta Mercantile Company, a corporation, said defendant, was attached to a copy of the complaint referred to in said summons."

Appellant's contention is that the summons was not served upon the proper officer or agent of said corporation. It appears from the allegations of the complaint that said corporation was organized under the laws of this state and is a domestic corporation. By the provisions of sec. 4144, Rev. Codes, the summons must be served on a domestic corporation by delivering a copy thereof to the president or other head of the corporation, secretary, cashier or managing agent thereof. It is contended by counsel that the affidavit of service of said summons does not show that said summons was served on the "managing agent" of said corporation. It will be observed from said affidavit that it was served on the "Manager of the Atlanta Mercantile Company, a corporation," and it is contended that service on the "manager" is not service on the "managing agent." The term "managing agent," as used in the statute, is a generic term and does not and cannot refer to any particular person or officer like the words "president," "secretary," etc., for there is no officer mentioned in the corporation laws nor usually in the by-laws of corporations, as "managing agent." It is well understood that a corporation can act only through agents, it being an artificial person, and that any person who acts for a corporation to any extent whatever by authority is its agent in whatever he does by its authority. States that have a similar statutory provision for the service of summons upon domestic corporations have held that the proof of service of summons which recites that it was made upon the manager of such corporation was *prima facie* evidence of service on the corporation, and that such manager was managing agent as contemplated by the statutory provision. (*Persons v. Buffalo City Mills,* 29 App. Div. 45, 51 N. Y.

Supp. 645; *Brun v. Northwestern Realty Co.,* 52 Misc. Rep. 528, 102 N. Y. Supp. 473; *Rudd v. McClean Arms Co.,* 54 Misc. Rep. 49, 105 N. Y. Supp. 387; *Coler v. P. B. Co.,* 146 N. Y. 281, 40 N. E. 779.)

We think under the provisions of said statute that a manager of a corporation is *prima facie* the managing agent of a corporation, and will be presumed to be such until the contrary is shown. Service upon the manager of a corporation is *prima facie* evidence of service upon the managing agent of the corporation.

The judgment is affirmed, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.