■ FARMINGDALE STEER-INN, INC., Respondent, v. STEER INN REALTY CORPORATION et al., Appellants.— In an action to enjoin defendants with respect to certain real property, and for other relief, defendants appeal from an order of the Supreme Court, Nassau County, entered June 26, 1962, which denied their motion, made upon a special appearance and after a hearing, to set aside the service of the summons and to strike out the first, second and third causes of action in the verified complaint. Order reversed on the law, without costs; and motion granted, without costs, to the extent of vacating the service of the summons. Service of the summons and complaint was purportedly effected on one John McCarthy in the Pennsylvania offices of the defendant foreign corporations. The appeal is concerned only with jurisdiction over the defendant corporations. At the traverse, the plaintiff corporation's president testified he had been told by defendant corporations' president that McCarthy "was also an officer of the corporation." Plaintiff's president did not identify the office McCarthy allegedly held in the defendant corporations, but said he was counsel to defendant corporations. On cross-examination, plaintiff's president admitted he was not sure of the exact

words used to describe McCarthy's relationship to the defendant corporations, but he was sure that he was told that McCarthy "had a piece of this whole thing". No specific corporations were identified in connection with this remark. In order to obtain jurisdiction in this case it was necessary to comply with the requirements of section 235 of the former Civil Practice Act and the various other sections that section 235 incorporates within itself. Section 235 in pertinent part provides: "A defendant in any case specified in section two hundred and thirty-two * * * may be served with the summons * * * without the state in the same manner as if service were made within the state". We need not reach the question whether this case fits within those specified in section 232 of the former Civil Practice Act, because the prescribed manner of service was not met here in any event. Service on a foreign corporation within the State had to be effected in accordance with section 229 of the former Civil Practice Act, which identifies by specific office the eligible persons to receive service. There was absolutely no evidence adduced that McCarthy qualified under any of the specific offices listed in that section, and the general testimony of plaintiff's president that he was told McCarthy was an "officer" is insufficient to establish McCarthy's actual relationship to the corporation (*Coler* v. *Pittsburgh Bridge Co.*, 146 N. Y. 281). Thus, absent compliance with section 229, there could be no compliance with section 235 which requires service "in the same manner as if service were made within the state" and jurisdiction was never obtained. The plaintiff's brief asserts that an answer containing a counterclaim has been interposed by all the defendants. The record, however, fails to disclose whether an answer has been served. In any event, it should be noted that defendants' objection to jurisdiction would not be waived even if an answer with a counterclaim was served. Subdivision 4 of section 237-a of the former Civil Practice Act provides that after the denial of a motion to set aside service of process, made on special appearance, "the defendant may litigate the action on the merits without being deemed to have waived his objection to the court's jurisdiction over his person." Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.