(119 App. Div. 194)

### BOUDEN v. SIRE et al.

(Supreme Court, Appellate Division, First Department. May 17, 1907.)

APPEAL—STAY—FORECLOSURE DECREE.

> In an action to foreclose a mortgage on a leasehold, it appeared that the mortgagor, a corporation, had no business or property except a small unexpended balance in its treasury and an alleged claim to a right of redemption from the summary proceedings under which it was dispossessed

on the mortgaged leasehold premises. The mortgage was given to secur<sup></sup> $47,748.07, with interest from May 5, 1903, and over $58,000 in rent and taxes under the mortgaged lease was in arrears, and unpaid rent and taxes were accumulating at the rate of $21,500 a year. Defendant S., who was not a party to the mortgage, claimed that it was partly given to secure him, as well as plaintiff; but, while notice of appeal from a foreclosure decree had been served on S., no notice of any exceptions to the decision were filed within the time required by law, and no copy thereof was served on plaintiff's attorney. *Held*, that an order granting a stay pending appeal and fixing security was not a proper exercise of discretion conferred on the court at Special Term by Code Civ. Proc. § 1351.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2252; vol. 3, Appeal and Error, § 3892.]

Appeal from Special Term.

Action by Milton L. Bouden against Leander S. Sire, impleaded with others. From an order granting a motion for a stay of sale under a foreclosure decree and fixing security, plaintiff appeals. Reversed, and stay vacated.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Emery H. Sykes (Royall Victor, of counsel, and Wm. J. Curtis, on the brief), for appellant.

Franklin Bien (Josiah Canter, of counsel), for respondents.

PER CURIAM. The action was brought against the Long Acre Square Building Company and others, defendants, to foreclose a mortgage given by the said company on a leasehold. The defendant corporation, the mortgagor, did not appear. The defendant corporation has no business and no property, except the sum of $238.81 now in its treasury as an unexpended balance, and an alleged claim to a right of redemption from the summary proceedings under which it was dispossessed from the mortgaged leasehold premises by an order dated June 2, 1904. The defendant Sire is not a party to the mortgage being foreclosed. His claim is that the mortgage, while running ostensibly for the sole benefit of the plaintiff, was given nevertheless partly to secure him as well as the plaintiff. The default of the mortgagor corporation is not questioned. The mortgage was given to secure payment of $47,748.07, with interest from May 5, 1903. Over $58,000 in rent and taxes under the lease upon which the mortgage was given is now in arrears, and unpaid rent and taxes are accumulating at the rate of $21,500 a year. The period of the lease is diminishing with time, and the indebtedness secured by the mortgage is increasing rapidly, and the security as rapidly decreasing. Judgment of foreclosure was entered on February 11, 1907, and the sale thereunder was advertised for March 21, 1907. The alleged claim to a right of redemption from the summary proceedings of dispossession is the only property to be disposed of under the foreclosure sale herein. No deficiency judgment was awarded against the defendant Sire, nor is he in possession of the premises ordered to be sold.

It was found as a fact upon the trial that Leander S. Sire has assigned to one Henry B. Sire, not a party to this action, all of his interest and claim in the mortgaged premises and in the enterprise

and transaction referred to and set forth in the answer of said defendant. While a notice of appeal from the judgment has been served on behalf of the defendant Sire, no notice of any exceptions to the decision was filed within the time prescribed by law on his behalf in the clerk's office, and no copy thereof was served upon the attorney for the plaintiff within the time prescribed by law. The application for a stay of the sale under the judgment and for an order fixing the amount of the security to be given thereon was addressed to the sound discretion of the court under the provisions of section 1351 of the Code of Civil Procedure. Upon the facts appearing upon this record, we are of the opinion that the learned Special Term did not exercise a sound discretion in granting the stay and fixing security thereon, and so the order was erroneous. The respondent has not established reasonable grounds for the belief that he has a meritorious appeal. In view of the nature of the property right upon which the mortgage was foreclosed, it is evident that any delay must be injurious, and that this proceeding is purely of a dilatory character and to subserve other ends than to permit a review of the trial and judgment upon the merits. In the absence of exceptions, the expression of opinion in the moving affidavit of the counsel for the respondent that "the learned court was incorrect in its decision and findings of fact and conclusions of law necessary to sustain the judgment," without advising the court upon what ground that opinion is based, is entirely insufficient to satisfy us of the good faith of the appeal.

Therefore the order appealed from should be reversed, and the stay vacated, with costs.