GLEICH v. ONTARIO BUTTON CO.

(Supreme Court, Appellate Term. May 18, 1911.)

CORPORATIONS (§ 507*)—CIVIL ACTION—PROCESS—"MANAGING AGENT."

Municipal Court Act (Laws 1902, c. 580) § 31, provides that in actions against corporations the summons must be served on the president, etc., or "managing agent." *Held,* that a mere salesman, who solicited and received orders and sold merchandise on behalf of defendant, was not such "managing agent," within the meaning of such section.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–2000; Dec. Dig. § 507.*

For other definitions, see Words and Phrases, vol. 5, pp. 4320–4323.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Sigmund Gleich against the Ontario Button Company From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Raphael Link, for appellant.
Edward Endelman, for respondent.

GUY, J. This is an appeal from a judgment for plaintiff, taken by default. On the return day of the summons in the court below the defendant appeared specially for the purpose of traversing the return. On a subsequent day the issue of the sufficiency of the service and the jurisdiction of the court was tried before Mr. Justice Wilson, and the affidavits used upon that hearing are used upon this appeal.

The sole point at issue is whether the person served was a "managing agent" of the defendant corporation, within the meaning of section

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

31 of the Municipal Court act (Laws 1902, c. 580). It conclusively appears from the evidence that Asthalter, the person served, was merely a salesman for defendant, whose duties were limited to the soliciting of orders in the city of New York, receiving them, and forwarding them to the defendant; that he never was an officer, stockholder, director, or managing agent of the defendant company. The mere fact that he received orders and sold merchandise on behalf of the defendant does not constitute him a managing agent, within the meaning of the statute. No proper service was made upon the defendant, and the court below never acquired jurisdiction over the defendant in this action. See Frankel v. Dover Mfg. Co., 104 N. Y. Supp. 460; Kramer v. Buffalo Union Furnace Co., 132 App. Div. 416, 116 N. Y. Supp. 1101; Coler v. Pittsburgh Bridge Co., 146 N. Y. 281, 40 N. E. 779.

The judgment should therefore be reversed, with costs to the appellant. All concur.