SMITH v. HORTON and others.

(*Circuit Court, S. D. New York.* February 12, 1881.)

1. REMOVAL—PETITION—ALLEGATION OF JURISDICTIONAL FACTS.

A cause is not removable under the act of March 3, 1875, or section 639 of the Revised Statutes, unless the petition for removal sets forth the jurisdictional facts.

2. SAME—SAME—ALLEGATION OF CITIZENSHIP.

In a suit against copartners for damages for injury to the person, a removal cannot be had under the first clause of section 2 of the act of March 3, 1875, unless the petition alleges that all of the defendants are of different citizenship from the plaintiff.— [ED.

*F. W. Fitzgerald, Jr.,* for plaintiff.

*G. S. Simpkins,* for defendants.

BLATCHFORD, C. J.    This suit was brought in a court of the state against the defendants, as copartners, to recover $8,000 as damages for injury to the person of the plaintiff.    The complaint alleges:

That the plaintiff was passing along the sidewalk in front of the defendants' place of business, where they buy and sell flour; that the defendants were, at the time, taking barrels of flour into their said store from a truck standing near the curbstone, and in front of said store; that they obstructed the sidewalk and made it dangerous and created a nuisance, in that they allowed a person on said truck to negligently roll barrels of flour down a pair of skids; that a barrel struck the plaintiff while she was passing between the store and the truck, and using due care; and that she was thereby irreparably and permanently injured in her person.

All three of the defendants in time filed, in the state court, a petition for the removal of the suit into this court.    The petition is framed exclusively under the first branch of section 2 of the act of March 3, 1875, (18 St. at Large, 470,) and not at all under the second branch of that section, nor under any subdivision of section 639 of the Revised Statutes. It alleges that the plaintiff is a citizen of the state of New York; that the defendant Horton resides in the state of Connecticut, not that he is a citizen of that state, or that he is an alien or a citizen of any state; that the defendant Clark is a citizen of the state of New York; and that the

defendant Mangles is a citizen of the state of New Jersey. It prays for the removal of the suit. It does not refer to any particular statute. It does not allege that the suit is one in which there can be a final determination of the controversy so far as concerns any one or more of the defendants as parties in the cause. Nor does it allege that there is, in the suit, a controversy which is wholly between citizens of different states, and which can be fully determined as between them. To have the case considered as one removable under the second branch of section 2 of the act of 1875, or under any subdivision of section 639 of the Revised Statutes, the petition must set forth the jurisdictional facts. This petition alleges only that the controversy in the suit—

" Is between citizens of different states; that is to say, between the above-named Bridget Smith, who is, and was at the commencement of this action, a citizen of the state of New York, and the above-named defendants, William Horton, who resides in the state of Connecticut, John F. W. Mangles, who is a citizen of the state of New Jersey, and Amos R. Clark, a citizen of the state of New York."

This case, therefore, must be considered as raising only the question whether a removal of it can be had on the petition filed under the first branch of section 2 of the act of 1875. It is clear, under the decision of the supreme court in *Meyer* v. *Construction Co.* 100 U. S. 457, that it cannot. Although all the defendants unite in the petition, they are not all of them alleged to be of a different citizenship from the plaintiff.

The motion to remand made by the plaintiff, is, for the foregoing reasons, granted, with costs to be taxed.