WILLIAM N. COLER et al., Respondents, *v.* THE PITTSBURGH BRIDGE COMPANY, Impleaded, etc., Appellant.

*It seems*, that under the provision of the Code of Civil Procedure in regard to the service of summons upon a foreign corporation which authorizes the service by delivery of a copy to "a managing agent" of the corporation within the state it is not necessary that the office of the person to whom the copy is delivered should be precisely described as "managing agent," but it was intended that any person holding some responsible and representative relation to the company, such as the term "managing agent" would include, might be served.

In an action against a foreign corporation a copy of the summons was delivered in this state to C., who the plaintiff claimed was a managing agent of defendant. Upon a motion to set aside the service the moving affidavits alleged that C. is not and was not at the time of the service defendant's managing agent in any sense, but was its "representative" in the city of Chicago, where he resided, and was only temporarily visiting in the city of New York, when served. The opposing affidavits were to the effect that C. was in New York at the time, upon business connected with the company; that he stated that he represented it, and that his name appeared in the Chicago city directory as "manager" of the company. *Held*, that sufficient was not shown to establish that C. was managing agent of defendant within the meaning of said provision; and so, that there was no valid service of the summons.

(Argued May 20, 1895; decided May 29, 1895.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, made February 18, 1895, which affirmed an order of Special Term denying a motion by defendant, the Pittsburgh Bridge Company, to set aside and to vacate as to said company the service of a summons in the above-entitled action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John C. Coleman* for appellant. Curtis was not a managing agent within the meaning of the Code. (*Taylor* v. *G. S. P. Assn.*, 136 N. Y. 343.) The service upon Curtis was invalid on general principles of interstate comity. (*Goldey* v. *M. N. Co.*, N. Y. L. J., March 25, 1895; Morawetz on Corp. § 523;

*Monlin* v. *F. Ins. Co.*, 24 N. J. Law, 222; *Pennoyer* v. *Neff*, 95 U. S. 721; *G. H. Co.* v. *R. B. F. Co.*, 22 Fed. Rep. 635.)

*Edward W. Crittenden* for respondent. If Walter N. Curtis was a managing agent of the corporation, and was served within the state, the service was sufficient. (*Porter* v. *S., etc., Co.*, 17 Civ. Pro. Rep. 386; *Childs* v. *H., etc., Co.*, 104 N. Y. 477; *Pope* v. *T. H., etc., Co.*, 87 id. 137; *Hiller* v. *B., etc., Co.*, 70 id. 223.) The object of all service of process is to give notice to the party, and any service must be deemed sufficient which renders it reasonably probable that the party has had notice. (*Palmer* v. *T. P. Co.*, 35 Hun, 369; 99 N. Y. 679; *Barrett* v. *A., etc., Co.*, 138 id. 691.)

GRAY, J. The action was brought in equity to compel the South St. Paul Belt Railroad Company, one of the defendants, to specifically perform a certain contract made in the city of New York for the sale to the plaintiff of certain bonds issued by the city of South St. Paul, to aid in the construction of a bridge across the Mississippi river for the use of said railroad. It appears, after the contract had been entered into, that the railroad company sold the bonds, or some of them, to the Pittsburgh Bridge Company, another of the defendants in the action; a corporation organized and existing under the laws of the state of Pennsylvania. The summons in the action was served on a person named Curtis, as an alleged managing agent of the bridge company, while he was in the city of New York. The bridge company moved to set aside the service of the summons, upon the ground that the said Curtis was not its agent within this state, but that he was the "representative" of the company in the city of Chicago, in the state of Illinois, which was also his residence, and that he was only temporarily visiting in the city of New York. The affidavit, read in behalf of the bridge company, also, set forth that, at the time of the service of the summons and since that time, the company had no property within the state of New York, nor an office or place of business within said state; and that

the said Curtis is not, and was not at the time of the service, managing agent of the bridge company in any sense.

In opposition to the motion, affidavits were read on behalf of the plaintiff to the effect, that said Curtis was in the city of New York at the time upon business connected with the bonds above mentioned and had stated that he represented the bridge company and his name appeared in the city directory of the city of Chicago as "manager of the Pittsburgh Bridge Company."

We do not think that enough was shown to make out that Curtis was "a managing agent" of the foreign corporation. It is true that the bridge company admitted, or stated, that he was a "representative" of the company in the city of Chicago in the state of Illinois; but whether the capacity in which he represented and served the company was of such a nature as to impose upon him those duties and responsibilities, which would raise him to the level of "a managing agent," is too uncertain. His relation to the company, as its "representative" in the city of Chicago, may very possibly have been of a restricted nature. Nor would it do, in a case of such gravity as the maintenance of an action against a foreign corporation, to rely either upon the alleged statements of the person served, as here, or upon what he may have been described in the city directory of the city of Chicago. It is not necessary that the office of the person to whom the summons is delivered, in a suit against a foreign corporation, should be precisely described as that of "a managing agent;" because, as we think, from the language of section 432 of the Code of Civil Procedure, it was intended that any person holding some responsible and representative relation to the company, such as the term "managing agent" would include, might be served with the summons.

In the absence, therefore, of proof with respect to what the relation actually is to the foreign corporation of the person, to whom the summons is delivered in this state, it is the wiser and the better rule to adopt that the right to maintain the action has not been acquired.

For these reasons, we think that the orders below should be reversed and an order should be entered vacating and setting aside the service of the summons, with costs.

ANDREWS, Ch. J., PECKHAM and HAIGHT, JJ., concur; FINCH and BARTLETT, JJ., dissent.

Ordered accordingly.