## SHARKEY v. PORT BLAKELY MILL CO.

(Circuit Court, D. Washington, N. D. March 4, 1899.)

REMOVAL OF CAUSES — DIVERSITY OF CITIZENSHIP — JOINDER OF SEPARATE CAUSES OF ACTION.

> The right of a sole defendant sued in a court of another state by a citizen of such state on a cause of action existing in favor of the plaintiff, upon which he claims more than $2,000, to remove the cause into a federal court, is not defeated because the plaintiff, as permitted by a state statute, has joined in his complaint a separate cause of action held by him as assignee of a third person, whose citizenship does not appear, and of which the federal court would not have jurisdiction; and in such case the removal carries the entire suit, so that the defendant is not required in his petition to set forth the existence of a separable controversy.

On Motion to Remand.

Fred H. Peterson, J. D. Jones, and Ballinger, Ronald & Battle, for plaintiff.

W. H. Gorham, for defendant.

HANFORD, District Judge. This case has been argued and submitted upon a motion to remand to the state court, in which it was originally commenced. The defendant's petition for removal shows that the plaintiff is a citizen of the state of Washington, and the defendant is a California corporation. The complaint sets forth two distinct causes of action, the first being a claim for damages for breach of a contract of affreightment made by and between the plaintiff and the defendant, the amount of damages claimed being $18,000; the second cause of action being a similar claim for damages for breach of a contract of affreightment made by and between one Patterson and the defendant, which Patterson assigned to the plaintiff. The record is silent as to the citizenship of Patterson. If the action was founded upon the first cause of action only, the right of the defendant to remove the case into this court would be free from any question. Under the authorities, it is equally clear that, if the action were to recover upon the assigned claim only, the case would not be removable. Therefore the following problems are involved: First. Does the jurisdiction which the court has of the first cause of action necessarily expand by reason of the joinder of a second cause of action, which by itself would not be within the jurisdiction of the court, so as to comprehend both? Second. Does the joinder of a cause of action of which jurisdiction is not given necessarily defeat the jurisdiction as to a cause of action which by itself would be cognizable in a circuit court of the United States? Third. Where two separate causes of action accruing to different persons are united in one action, brought by a single plaintiff, does the defendant have the right to remove the case into a circuit court, on the ground of there being a separable controversy between himself and the plaintiff; and, if so, does he forfeit the right of removal by failure to set forth the separable controversy in his petition for removal? Fourth. In an action founded upon two distinct causes of action, one of which is within the jurisdiction of the circuit court, and the other

not, does the removal necessarily sever the case, so as to leave one cause of action still pending in the state court?

Counsel for the plaintiff have argued that the case is in the same situation that it would be if prosecuted by the plaintiff and his assignor jointly. Their contention is that, as to the first cause of action, the plaintiff is suing in his individual capacity, as to the second he is suing as the representative of another, and, as the court could not take jurisdiction of the action in its entirety, if no assignment of the second cause of action had been made, unless it appeared affirmatively on the face of the record that both plaintiffs were citizens of this state, the court must of necessity hold, in deciding the question of jurisdiction, that the case has not been brought within the jurisdiction of the court by the assignment. While this position seems to be strong, I do not regard it as tenable. The first cause of action is complete in itself, and all the conditions exist which are essential to the jurisdiction of this court, and to the right of the defendant to remove it from the state court into this court. As to that cause of action, no fraud upon the court has been attempted by the making of a collusive assignment for the mere purpose of transferring a lawsuit into a federal court which could not be so transferred without resorting to such subterfuge. The joinder of a second cause of action does not, in my opinion, impair the right of a defendant to choose the forum. The statute defining the jurisdiction of the circuit courts of the United States is not so narrow as to exclude all cases, except those in which the issues are wholly made up of questions in dispute between citizens of different states. The words of the statute appear to have been carefully chosen to express an intent to confer jurisdiction of "all suits of a civil nature, at common law or equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum of two thousand dollars, * * * in which there shall be a controversy between citizens of different states. * * *" 25 Stat. 434. These words imply that cases of which complete jurisdiction is given may involve other controversies and matters besides a controversy between citizens of different states; and there is no provision in the law for dividing a case into parts, so that a distinct controversy in the case may be removed from a state court into a circuit court of the United States, and other controversies in the same case be left pending in the court of original jurisdiction. Where a plaintiff brings a suit originally in a circuit court of the United States, and sets forth in his complaint a cause of action of which the court has jurisdiction, and also other causes of action not cognizable in a circuit court of the United States, the authorities hold that he is entitled to proper relief as to the cause of action of which the court has jurisdiction; but, as to the causes of action not cognizable in the court, relief must be denied. Mississippi Mills v. Cohn, 150 U. S. 202–209, 14 Sup. Ct. 75. In such a case, the court, by granting relief to the extent of its jurisdiction, and refusing to assume jurisdiction not conferred by law, necessarily severs the different causes of action from each other. This case, however, does not come within the rule of the decision of the supreme court just cited, for the reason that the plaintiff commenced his action in a court which has jurisdiction of all the

causes of action set forth in his complaint, and his right to unite several distinct causes of action in one complaint is expressly given by the Code of this state, and the law gives him the right to have them all adjudicated at the same time. He may, if he elects to do so, dismiss as to the second cause of action without prejudice, and in that way effect a practical severance. But the defendant is not authorized to deprive him of his right to have both causes of action disposed of in one trial. Morrison v. Trading Co., 85 Fed. 802.

The same section of the statute which gives jurisdiction to circuit courts of the United States of cases in "which there shall be a controversy between citizens of different states" also provides that the circuit and district courts of the United States shall not "have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." 25 Stat. 434. If this clause is applicable to the case under consideration, it is necessarily repugnant to the preceding clause, which requires the court to take cognizance of the case in its entirety, and has the effect to create an exception of cases in which there is a controversy between citizens of different states, and in which the plaintiff unites, with a cause of action in his own favor, another cause of action against the same defendant, which he may have acquired by an assignment thereof. It is manifest, however, that the only purpose of the clause last quoted is to prevent the transfer of choses in action for the mere purpose of diverting litigation into the federal courts. Considering the purpose of the rule and the intent of congress, I am led to the conclusion that this clause of the statute cannot be applied to a part of a lawsuit, so as to deprive a defendant of the right to remove a case which is removable simply because the plaintiff has united an assigned cause of action, nor to interfere with the complete adjudication of all controversies in a case of which the court has jurisdiction, nor to deprive a defendant of the right to plead a debt assigned to him before the commencement of an action, as a set-off. In such cases it is impossible to give effect to the prohibitory clause, without depriving one or other of the parties of a substantial right, and to that extent defeating justice. This is not a suit to recover the contents of a promissory note or other chose in action in favor of an assignee. The main object of the suit is to recover $18,000 which the plaintiff claims to be due to him for the breach of a contract to which he is a party. By claiming the privilege which the Code of this state allows to a plaintiff of uniting an additional cause of action, he can require the defendant to submit both causes of action to adjudication at the same time; but the privilege cannot be so extended as to obstruct his adversary, in the exercise of his right to remove the case into this court, nor diminish the power of the court to determine all the issues involved, and dispose of the whole case.

The clause of the statute which provides that "when in any suit mentioned in this section there shall be a controversy which is wholly

between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district" (25 Stat. 434), has reference to cases in which several persons are joined as defendants, and authorizes one or more of them actually interested in a separable controversy to remove the suit into the circuit court of the United States for the proper district, without the consent of his or their co-defendants; and in every such case the petition for removal must necessarily specify the separable controversy, and claim the right of removal on the ground of a separable controversy, wholly between citizens of different states; and such a case cannot be properly removed or brought within the jurisdiction of a circuit court of the United States, if the petition fails to set forth the separable controversy. But the words of the statute exclude the idea that a case like this, in which one individual is the sole plaintiff, and a corporation is the sole defendant, can be removed on the ground that there is in the case a separable controversy. Therefore I hold that the defendant's right to remove the case into this court has not been forfeited by failure to allege a separable controversy in the petition for removal. Motion to remand denied.