### KELLER v. KANSAS CITY, ST. L. & C. R. CO. et al.

### HARMON v. LOUISIANA & M. R. R. CO. et al.

#### (Circuit Court, E. D. Missouri, E. D. April 15, 1903.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—JOINDER OF DOMESTIC CORPORATION.

   The Circuit Court has no jurisdiction over an action by a citizen of this state for injuries, brought against both a domestic and a foreign corporation, where there is any right of action, or any reasonable ground to claim a right of action, against the domestic corporation, and where no separable controversy is claimed to exist.

   [Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. RAILROADS—LEASES—CONTINUING LIABILITY OF LESSOR.

   Under Rev. St. Mo. 1899, § 1060, authorizing foreign railroad corporations to lease or purchase lines of railroad within the state, and declaring a domestic corporation which so leases its lines to a foreign corporation, "liable as if it operated the road itself," a domestic corporation which has leased its road to a foreign corporation is liable for injuries inflicted by the lessee in the operation of the road.

   [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 802–816.]

**3. SAME—DEBATABLE LIABILITY—DECISION BY STATE COURT.**

Where a domestic corporation is joined as defendant with a foreign corporation, plaintiff has the right to a trial in the state court if the liability of the domestic corporation is fairly debatable, unless his conduct in joining the domestic corporation amounts to a fraudulent interference with the jurisdiction of the federal courts.

**4. SAME—PETITIONS FOR REMOVAL—GROUNDS.**

A contention that a suit against a domestic and against a foreign corporation presents a separable controversy, and is removable to the Circuit Court, under the judiciary act of March 3, 1887, c. 373, 24 Stat. 552, as amended by the act of August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], cannot be considered on the hearing of a petition for removal where the petition is not grounded on any such proposition.

[Ed. Note.—Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

George Robertson, for plaintiff Keller.
Frank P. Walsh and George Robertson, for plaintiff Harmon.
Franklin Houston, for defendants.

ADAMS, District Judge. These two cases are now before the court on motions to remand them to the circuit court of Audrain county, whence they came by removal. The petitions for removal in both cases were made by the Chicago & Alton Railway Company alone. It alleged in the first-mentioned case that the Kansas City, St. Louis & Chicago Railroad Company was made a defendant for the sole purpose of fraudulently defeating the jurisdiction of the courts of the United States, and that the joining of that company with the Chicago & Alton Railway Company as defendant was a mere pretense and device to oust the jurisdiction of the federal courts, and that in the last-mentioned case the joining of the Louisiana & Missouri River Railroad Company was done fraudulently and for the purpose of defeating the jurisdiction of the federal courts. It is further alleged that the real cause of action in both cases was against the Chicago & Alton Railway Company alone, because it was solely in possession of and operating the railroad at the time of the injury to plaintiffs' intestates. There is no averment in the petitions for removal to this court that the causes of action were separable, within the meaning of the judiciary act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], and that for that reason the Chicago & Alton Railway Company might remove the causes to this court. The last-mentioned company places its sole reliance for the right of removal upon the alleged ground that the joining of the other railroad company with it in each of the two cases in question was not done in good faith, but only for the purpose of preventing the real defendant from availing itself of the right accorded to it by law to remove its cause to this court for a trial.

The plaintiffs' petitions, as well as the petitions for removal in both cases, disclose the fact that the Chicago & Alton Railway Company was at the time of the injury in question operating the road of the Kansas City, St. Louis & Chicago Railroad Company by virtue of a lease and running arrangement made pursuant to an act of the Assem-

bly of the state of Missouri in the year 1870, which is now section 1060, Rev. St. 1899, and that the Chicago & Alton Railway Company was also at the time of the injury in question operating the Louisiana & Missouri River Railroad Company under a lease and running arrangement made pursuant to the same law. The facts disclosed by the pleadings also show that the Chicago & Alton Railway Company is a corporation of the state of Illinois, and therefore a citizen of that state. for jurisdictional purposes; that the Kansas City, St. Louis & Chicago Railroad Company and the Louisiana & Missouri River Railroad Company were both corporations of the state of Missouri, and therefore citizens of the state of Missouri for jurisdictional purposes; that the plaintiff in each of the foregoing cases was also a citizen of the state of Missouri. To sustain the jurisdiction of this court, it must be held that there was no right of action, or any reasonable ground to claim such right of action, against the Kansas City, St. Louis & Chicago Railroad Company in one case, and the Louisiana & Missouri River Railroad Company in the other case. If there was such a cause of action, it would be between citizens of the same state, and therefore not within the jurisdiction of this court.

The charge in the petition for removal, as already seen, is based exclusively on the proposition that the joining of the two corporations in each case was in bad faith, and done solely for the purpose of preventing the Chicago & Alton Railway Company from availing itself of its right, as a citizen of another state, to remove its causes into the federal court.

By reference to section 1060, Rev. St. Mo. 1899, it is found that power is thereby conferred upon any railroad organized in any other state to lease or purchase any railroad or any part of a railroad lying within this state. It is also provided by that statute that any corporation within this state leasing its road to a corporation of another state, or making any running arrangement with such corporation, "shall remain liable as if it operated the road itself." This last provision was obviously inserted in the statute for the purpose of subjecting any foreign corporation that might be engaged in operating a railroad under a lease or other running arrangement in this state to liability in all suits instituted in this state, by continuing the liability of the leased road itself, which is being operated by it. The act of the Legislature of 1870, above referred to, received a construction in the case of Smith v. Pacific Railroad Company, 61 Mo. 17. That suit was brought against the Pacific Railroad Company for damages occasioned by a servant of the Atlantic & Pacific Railroad Company while operating a train upon a branch line from Tipton to Booneville after such branch line had been leased by the Pacific Railroad Company to the Atlantic & Pacific Railroad Company. The court there remarks:

"The lease was made under this act and by its authority, and, however singular the above provision [referring to the provision making the lessor company liable as if it operated the road itself] may seem, it was accepted by the companies, who bought and sold under it. This construction seems plain. * * * Both corporations are expressly declared liable—the leasing corporation the same as though no lease had been made."

The same court, in the case of State ex rel. Crumpacker v. Chicago, Burlington & Kansas City Railway Company, 89 Mo. 523, 14 S. W. 522, holds that the Legislature, in giving a corporation of another state power to purchase a railroad in this state, with the privileges and franchises belonging to it, had the right to prescribe the terms upon which the purchase should be made. The principle thus announced fully covers the facts involved in this case. Accordingly it may be safely stated that the plaintiffs in the two cases now under consideration have the authority of the Supreme Court of the state of Missouri in support of their contention that the lessor roads are still liable for the negligent operation of the railroads in question by the lessee company. But it is argued that, even if there be a liability against the lessor companies as well as the lessee company, such liability is not joint, but several, and therefore that the two companies are improperly made codefendants in these cases. This argument, in itself, is unwarranted by the facts relied upon in the petition for removal, and can only be considered as bearing on the issue whether the suits were instituted against both companies for the sole purpose of preventing removal to this court. Two persons, whether natural or artificial, may .undoubtedly be joint tort-feasors in the commission of an act of negligence; and the language of section 1060, supra, may contemplate that the lessor company shall, for all purposes of liability, be treated as operating the road together with the lessee, to whom its actual operation is committed.

The plaintiffs, unless their conduct amounts to a fraudulent interference with federal jurisdiction, and this I am not able to find from the facts before me, have a perfect right to have these debatable questions determined in the court of their own selection. These questions will necessarily arise in the defense of these actions, and may then be heard and passed upon. It is sufficient for the present purposes that the averments made in the petitions for removal of these cases, to the effect that they were instituted against the two companies fraudulently for the mere purpose of preventing the jurisdiction of this court over the cases, are not sustained.

Another feature of the argument of these cases is that they present a separable controversy, and that the right of removal arose under Judiciary Act March 3, 1887, c. 373, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]. This contention, however meritorious it seems to be in itself, cannot now receive consideration by the court, because the petitions for removal are not grounded on any such proposition.

The motions to remand these cases must be sustained.