BURNETT v. SPOKANE, P. & S. RY. CO. et al.

(District Court, D. Oregon. October 13, 1913.)

(No. 5899.)

1. REMOVAL OF CAUSES (§ 16*)—RIGHT TO REMOVAL.

 The right of removal of causes from the state to the federal court is purely statutory and exists only in such cases as Congress has seen proper to provide for.

 [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 6; Dec. Dig. § 16.*]

2. REMOVAL OF CAUSES (§ 106*)—REMAND—WAIVER—FILING REPLY.

 Under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65), as amended in 1910 (Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1322]), declaring that federal and state courts shall have concurrent jurisdiction, and that no case arising thereunder instituted in a state court shall be removed, where such an action is removed and defendants answered after the record had been filed in the federal court, the fact that plaintiff filed a reply did not constitute a waiver of his right to move to remand the case nor confer jurisdiction on the federal court.

 [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 216; Dec. Dig. § 106.*]

At Law. Action by Walter S. Burnett against the Spokane, Portland & Seattle Railway Company. On motion to remand. Granted.

Littlefield & Smith, of Portland, Or., for plaintiff.
Carey & Kerr, of Portland, Or., for defendants.

BEAN, District Judge (orally). This case is an action brought originally in the state court under the federal Employers' Liability Act and was removed to this court by the defendants, nonresidents of the state, on the ground of diversity of citizenship. After the record had

been filed here, the defendants answered. The plaintiff thereupon filed a reply, and it is claimed that by so doing he submitted himself to the jurisdiction of this court and waived the objection that he otherwise might have made to the removal.

Now the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65), as amended in 1910 (Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1322]), declares that the federal and state courts shall have concurrent jurisdiction of actions brought for a violation thereof, but that no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States. This language is plain and unequivocal and is not open to interpretation. It was the intention of Congress, as disclosed by the legislation and debates concerning it, to except from the removal statutes all actions brought under the federal Liability Act, and that has been the construction placed upon the law. Moreover, the Judicial Code adopted in 1911 (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. 1901, p. 128]), after defining what actions may be removed, contains a clause that no case arising under the Employers' Liability Act or any amendment thereto shall be removed to any court of the United States.

[1] Now the right of removal is purely statutory. It exists only in such cases as Congress has seen proper to make provision therefor. Without some federal statute, no action brought in the state court can be removed to this court.

[2] When, therefore, Congress, in adopting the Judicial Code, incorporated a provision that no case arising under the federal Employers' Liability Act in a state court of competent jurisdiction should be removed to a federal court, it took from the effect of the removal act actions of that character. And, that being so, I do not think the mere fact that plaintiff filed a reply would give this court jurisdiction. I do not undertake to say that if a case of this kind had been removed, and the parties should appear in this court and ask for some appropriate action of the court, or should proceed to trial without objection, it might not be held to be a waiver. But the mere filing of a reply is not in my judgment sufficient. In any event, the jurisdiction is doubtful, and the court should, I take it, resolve the doubt against its own jurisdiction.

The motion to remand will be allowed.