HUGO JOSEPHY and EDWARD JOSEPHY, Respondents, *v.* KANSAS CITY, MEXICO AND ORIENT RAILWAY OF TEXAS, Appellant.

First Department, November 9, 1917.

Process — service of summons upon alleged managing agent of foreign corporation — service set aside.

Service of summons on a foreign corporation made upon an alleged managing agent of the defendant residing in New York set aside upon the ground that the plaintiff failed to show that the person served was a managing agent.

The fact that the person served delivered the summons and complaint to the defendant corporation did not make the service good if it was not in compliance with section 432 of the Code of Civil Procedure.

APPEAL by the defendant, Kansas City, Mexico and Orient Railway of Texas, a foreign corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of July, 1917, denying its motion to vacate and set aside the service of the summons.

*Sydney G. Soons,* for the appellant.

*Francis A. Winslow,* for the respondents.

DAVIS, J.:

The defendant is a corporation organized under the laws of Texas, and the plaintiffs reside in New York. The summons was served upon Wilfred J. Brown, as managing agent of the defendant, at 290 Broadway, New York city, on May 28, 1917, in an office on the door of which appeared the words "Kansas City, Mexico & Orient Railway Company." The respondents claim that the service was good under section 432 of the Code of Civil Procedure as having been made upon a managing agent. The clerk who served the summons states that he asked a person in charge of the office if he was the agent of the Kansas City, Mexico and Orient Railway of Texas; that he was assured by that person that he represented the company; that this person gave him a card bearing the name W. J. Brown, and describing him as general agent of the Orient System; that he then delivered to Brown a copy of the summons and complaint, and that Brown stated that he would forward the summons to the general offices of the company.

On behalf of the defendant, Brown swears that at the time the summons and complaint were left with him he was not the managing agent of the defendant and that he did not perform any functions corresponding to those of its managing agent under any other name. He also swears that his sole duty is to solicit contracts for freight, but without authority to execute contracts or to collect or disburse moneys for defendant, and with no powers involving the exercise of judgment or discretion on behalf of the defendant. Brown is

corroborated in these particulars by the affidavit of Mr. Soons, one of the defendant's attorneys. We are of opinion that the plaintiffs have failed to show that Brown was a managing agent of the defendant, and that service upon him was invalid. The respondents contend that because the defendant received the summons and complaint from Brown it was a good service. It is not good service, for the reason that it was not the service prescribed by the Code of Civil Procedure in such cases. This case is quite within the facts and reasoning of *Beck* v. *North Packing & Provision Co.* (159 App. Div. 418).

The order denying the motion to set aside the service of the summons is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.