LILLIAN L. KIELY, Plaintiff, *v.* UTICA GAS AND ELECTRIC COMPANY, Defendant.

County Court, Herkimer County, June 6, 1929.

*Fred. J. O'Donnell*, for the plaintiff.

*Richard B. Conley*, for the defendant.

BELL, J. Motion by defendant to vacate and set aside service of summons and complaint made on Charles M. Walsh, who plaintiff claims was a managing agent of defendant, within the provisions of subdivision 3 of section 228 of the Civil Practice Act.

Judge O'BRIEN said in *Taylor v. Granite State Provident Assn.* (136 N. Y. 343, 346): " A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it."

Mr. Walsh was in charge of defendant's Ilion office. There are in this office five clerks, who attend to the office work, and five service men who attend to meter reading, make collections, do repairing, make connections, and do other things at and in connection with the Ilion office. He occasionally hires laborers to do necessary work. When application for gas or electric service is made he determines whether the applicant should make a deposit

and if so, how much. I assume he looks up the credit standing of the applicant, and if it is good no deposit is required; if not good then a sufficient deposit is required, but this undoubtedly is under a general rule of defendant.

He may make repairs to the extent of $100, but if the repairs exceed $100 he must get special authority. He, like the persons in charge of defendant's other offices, is under the general control and direction of Mr. McGreevy, who is the general superintendent of the outlying districts of defendant.

Whenever there is anything to be done outside the general routine of the Ilion office Mr. Walsh reports the matter to Mr. McGreevy, who gives instructions as to what is to be done and these instructions are carried out by Mr. Walsh. Mr. McGreevy visits the Ilion office about every business day when Mr. Walsh consults with him regarding defendant's business there.

The letter attached to the affidavit of Mr. O'Donnell shows that it was written pursuant to instructions from defendant's Utica office.

Finally, it seems to me that Mr. Walsh worked under general rules of defendant and specific instructions of Mr. McGreevy, and that he was not a managing agent under said subdivision 3. ( *Kramer* v. *Buffalo Union Furnace Co.*, 132 App. Div. 415.)

This is not like the cases of a foreign corporation where it is difficult to find a person on whom to make service. Defendant has a director residing at Little Falls, and Mr. McGreevy, who, it seems to me is a managing agent of defendant, is in Ilion most every business day.

Motion granted. An order will be signed granting the motion.