## GOETZ v. INTERLAKE S. S. CO. et al.

District Court, S. D. New York.
Feb. 20, 1931.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Bruce Bromley, of New York City, of counsel), for the motion.

Simone N. Gazan, of New York City, opposed.

WOOLSEY, District Judge.

The motion is granted.

I. This action is stated in the complaint to be based on section 33 of the so-called Jones Act, now title 46 (Shipping) U. S. Code, § 688 (46 USCA § 688). It is brought by the administrator, appointed by the county court of Campbell county, Ky., of a deceased seaman, a citizen of Kentucky, who in May, 1930, was employed by the Interlake Steamship Company, an Ohio corporation, on its steamship Verona. The defendants named are the employer steamship company and the Bethlehem Steel Corporation, a corporation of New Jersey.

The action was first begun in the Supreme Court of New York State for New York County and has been thence removed on the joint petition of the two defendants based on the ground that the defendants were corporations of other states than New York.

The complaint further alleges, so far as is here material, that the Verona, on the evening of May 31, 1930, was lying at the Lackawana Docks of the Bethlehem Steel Corporation, in Buffalo, N. Y.; that plaintiff's decedent with other members of the crew of the Verona, having been on shore leave, were returning to their ship by the only available route, along the pier or bulkhead at which she was lying; that this bulkhead was improperly lighted; and that the plaintiff's decedent when at a point about one thousand feet from the ship tripped over something on the ore-strewn tracks which lined the pier, fell into the water, and was drowned.

Liability is claimed against the defendants for not furnishing a reasonably safe means of access to the Verona to enable the members of the crew to return safely from their inevitable shore leave.

Damages are claimed in the sum of $25,000.

The summons and complaint were served on one J. A. Gorthy, who is the superintendent of the Supply Store and Repair Shop maintained in Buffalo, N. Y., by the Interlake Steamship Company for the convenience of its fleet of fifty steamships, all which are engaged in interstate commerce, when any of them calls at that port.

Gorthy is not an officer of the Interlake Steamship Company. He is not a managing agent for it. He is not authorized to make contracts for or on behalf of it. He has not been designated by it to receive service of process for it within New York State. The Interlake Steamship Company has not qualified to do business in New York State.

The service of the summons and complaint on Gorthy is challenged by the steamship company, on special appearance, as not giving this court personal jurisdiction over it.

II. As the object of an interlocutory motion is to reach or tend to a triable issue within the court's jurisdiction, in all such motions any weakness in the moving party's position is opened up. Cf. Cheatham v. Wheeling & Lake Erie Ry. Co. (D. C.) 37 F.(2d) 593; Welch v. Warner Co. (D. C.) 47 F.(2d) 231, decided June 17, 1930, and since affirmed (C. C. A.) 47 F.((2d) 232; Sklarsky v. Great Atlantic & Pacific Tea Co. (D. C.) 47 F.(2d) 662, decided February 10, 1931.

In this case, therefore, the motion to vacate and set aside the purported service of the summons and complaint on the Interlake Steamship Company on the ground that the court has not thereby secured jurisdiction of the person of the said company makes it necessary to see whether the strength of the steamship company's position warrants the granting of such a motion if it would otherwise be appropriate to do so.

In order to determine this, it must first be decided whether this court has acquired, by removal, jurisdiction of the controversy between the steamship company and the plaintiff. For if it has not acquired jurisdiction the controversy must be remanded, on this motion, to the state court on the ground of the jurisdictional infirmity of the moving defendant's case.

III. It is obvious that the legal duties owed to plaintiff's decedent by the respective defendants and that his relations to each of them were entirely different:

Vis-a-vis the Interlake Steamship Company he was a maritime employee in whose in-

terest, in a proper case, section 33 of the Jones Act could be invoked:

Vis-a-vis the Bethlehem Steel Corporation he was a mere licensee.

Negligence, if any, towards the plaintiff on the part of the two defendants would, therefore, involve breach by each of a different kind of duty owed to the plaintiff, and would constitute a separate tort by each of the defendants and, necessarily, a separable cause of action when both are sued together.

The question first to be considered here is, consequently, whether by the petition for removal the controversy between the steamship company and the plaintiff was brought within the jurisdiction of this court.

Section 33 of the so-called Jones Act of June 5, 1920, is now title 46 (Shipping) U. S. Code, § 688 (46 USCA § 688). It reads as follows:

"§ 688. Recovery for Injury to or Death of Seaman. Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

This act has been held to have brought into the maritime law the provisions of the Employers' Liability Act. Panama R. Co. v. Johnson, 264 U. S. 375, 391, 392, 44 S. Ct. 391, 68 L. Ed. 748; Engel v. Davenport, 271 U. S. 33, 35, 36, 46 S. Ct. 410, 70 L. Ed. 813.

Section 6 of the Federal Employers' Liability Act, as amended by Act April 5, 1910, § 1, now title 45 (Railroads) U. S. Code, § 56 (45 USCA § 56), provides inter alia, so far as is relevant here:

"The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent

jurisdiction shall be removed to any court of the United States."

This provision against removal of Employers' Liability Act cases is also contained in title 28 (Judicial Code) U. S. Code, § 71 (28 USCA § 71). It has been held to be valid. Great Northern R. Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713; Gibson v. Bellingham & N. Ry. Co. (D. C.) 213 F. 488; Teel v. Chesapeake & Ohio Ry. Co. (C. C. A.) 204 F. 918, 47 L. R. A. (N. S.) 21; Kelly's Adm'x v. Chesapeake & Ohio Ry. Co. (D. C.) 201 F. 602; McChesney v. Illinois Central R. Co. (D. C.) 197 F. 85.

It has been held, accordingly, that diversity of citizenship between the employer and the plaintiff is not a ground for removal of an action brought under the Employers' Liability Act. Southern R. Co. v. Lloyd, 239 U. S. 496, 36 S. Ct. 210, 60 L. Ed. 402; Kansas City Southern Ry. Co. v. Leslie, 238 U. S. 599, 35 S. Ct. 844, 59 L. Ed. 1478; Ullrich v. New York, N. H. & H. R. Co. (D. C. N. Y.) 193 F. 768, 770.

In this district, following the rules of these decisions, the present law, after some divergence of opinion, is that an action brought in a state court under section 33 of the Jones Act is not removable for diversity of citizenship by the employer. Atianza v. United States Shipping Board Emergency Fleet Corp. (D. C.) 3 F.(2d) 845; Martin v. United States Shipping Board Emergency Fleet Corp. (D. C.) 1 F.(2d) 603; Herrera v. Pan-American Pet. & Transp. Co. (D. C.) 300 F. 563; and see Engel v. Davenport, 271 U. S. 33, 37, 46 S. Ct. 410, 70 L. Ed. 813.

Although there have been divergent views elsewhere expressed, the law of this district as to the necessity of remand when other causes of action are joined with an employer's liability claim in an action by a plaintiff against the employer alone is fixed by Judge Hand's decision, concurred in by Judges Holt and Hough, in Ullrich v. New York, N. H. & H. R. Co. (D. C.) 193 F. 768, 772, where it was held that the case must be remanded. The same result was reached for slightly different reasons in Rice v. Boston & Maine R. R. (D. C.) 203 F. 580, in the Northern District of New York.

As a suit under the Employers' Liability Act is based on a law of the United States, it would always be removable irrespective of citizenship, if that act had not contained the prohibition against removal. Judge Hand held in the Ullrich Case that the prohibition was absolute and not confined to its obvious

reason, i. e. that the action arose under a federal law, and that, therefore, a nonresident defendant employer did not have any choice of his forum in such an action. 193 F. at page 770.

There have been decisions both ways as to whether this prohibition of removal is a mere venue provision which the plaintiff may waive if removal is made. Waiver is sustained by Stephens v. Chicago, M. & P. S. Ry. Co. (D. C.) 206 F. 854, and Strother v. Union Pacific R. Co. (D. C.) 220 F. 731. The prohibition is held absolute in Patton v. Cincinnati, etc., Ry. (D. C.) 208 F. 29; Burnett v. Spokane, P. & S. Ry. Co. (D. C.) 210 F. 94; Mitchell v. Southern Ry. Co. (D. C.) 247 F. 819, and Lee v. Toledo, St. L. & W. R. Co. (D. C.) 193 F. 685, 687.

█ It seems to me, after a careful reading of many opinions which have been rendered in regard to the propriety of the removal of actions under Employers' Liability Act cases, that the prohibition was intended only to take from the defendant employer—perhaps in order to relieve the calendars of the federal courts—any choice of forum, and leave that choice wholly in the plaintiff employee under the provision for concurrent jurisdiction of the federal and state courts contained in the act.

Because of this provision for concurrent jurisdiction, however, it seems to me that a stronger argument can be made for trying the whole case in the federal court, than can be made in the usual instance where action is brought against a resident and a nonresident defendant and removed by the latter on the ground of separable controversy, of which Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, is the typical and authoritative example.

IV. The present case was removed on the joint petition of the two defendants. The question of a separable cause of action was, as above noted, not mentioned in the removal petition, though referred to on the argument of this motion and urged in the defendants' brief therein.

The apparent reason for this earlier inadvertence by the attorneys for the defendants apparently is that as both defendants were corporations of other states than New York, the nonremovable status of an action under section 33 of the Jones Act, and the consequent need of some other basis for their petition than diversity of citizenship, did not occur to them when they filed the petition.

The petition for removal in this case is not drawn in the canonical fashion for the removal of a separable controversy.

Under the settled doctrine it is quite clear that the petition of the Interlake Steamship Company, the employer of the deceased, did not effectuate any removal of the case to this court, so far as its petition alone was concerned.

█ It seems to be settled law that a petition based on a separable controversy should give that as a ground for removal. See Keller v. Kansas City, St. L. & C. R. Co. (C. C.) 135 F. 202, 205; Gates Iron Works v. Pepper & Co. (C. C.) 98 F. 449, 451; Southern Ry. Co. v. Lloyd, 239 U. S. 496, 36 S. Ct. 210, 60 L. Ed. 402; Sharkey v. Port Blakely Mill Co. (C. C.) 92 F. 425; Id. (C. C. A.) 102 F. 259; Smith v. Horton (C. C.) 7 F. 270; Connell v. Smiley, 156 U. S. 335, 15 S. Ct. 353, 39 L. Ed. 443; Allin v. Robinson, Fed. Cas. No. 249; Harding v. Standard Oil Co. (C. C.) 170 F. 651.

█ However, I am willing, and I have the right, to look at the real situation in this case. It is clear that, although the complaint puts the whole case against both defendants on the Jones Act, it is obvious that the Jones Act would not apply so far as the Bethlehem Steel Corporation is concerned, and also that there is a controversy for the reasons above stated between the Bethlehem Steel Corporation and the plaintiff which is separable from his controversy with the steamship company.

When this is clear on the face of the papers, I have a right—indeed, it is my duty—to recognize this fact, and give the nonresident removing defendant the benefit of the federal jurisdiction on the grounds of separability of his cause of action. Cf. Hough v. Société Electrique Westinghouse·de Russie et al. (D. C.) 232 F. 635, 636; Harding v. Standard Oil Co. et al. (C. C.) 170 F. 651, 656.

█ V. Finding, therefore, that in spite of the fact that the petition for removal is not aptly drawn to meet the situation now suggested on argument, I hold that the petition by the Bethlehem Steel Corporation effected a removal of its controversy with the plaintiff which is now properly in this court, and that the removal of that controversy effected also the removal of the controversy between the plaintiff and the Interlake Steamship Company, which was not and could not have been removed at the instance of the Interlake Steamship Company alone.

I cannot find any authority dealing with the question of removal jurisdiction I have before me here. It was touched on but reserved by the Circuit Court of Appeals for

this circuit in Bailey v. Texas Co., 47 F.(2d) 153, decided January 12, 1931. Therefore, I hold that this court has jurisdiction of the whole case, and that, consequently, I have power to deal with this motion.

VI. The objection now made to the service of the summons and complaint on the Interlake Steamship Company has been reserved by special appearance for the purpose of removal and thereafter.

The objection was therefore not waived and may be now pressed on this motion. General Investment Co. v. Lake Shore & Michigan Southern Ry. Co., 260 U. S. 261, 268–270, 43 S. Ct. 106, 67 L. Ed. 244; Goldey v. Morning News, 156 U. S. 518, 522, 523, 15 S. Ct. 559, 39 L. Ed. 517.

The action against the Interlake Steamship Company is, as above indicated, an action under section 33 of the Jones Act, title 46 (Shipping) U. S. Code, § 688 (46 USCA § 688). That section contains as its last sentence the following: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

This is clearly a provision for the venue of actions under the section and may be waived. Panama R. Co. v. Johnson, 264 U. S. 375, 385, 44 S. Ct. 391, 68 L. Ed. 748, affirming 289 F. 964, 984 (C. C. A. 2).

The removal of an action is a conclusive waiver of venue because it is a free election of forum by the removing defendant who chooses to seek the federal court of the district to which removal is had for the litigation. It does not lie in such defendant's mouth thereafter to object to the venue of that district.

I think that the attempted removal of the case by the Interlake Steamship Company, though for the reasons above stated ineffectual in and of itself to accomplish its purpose, constitutes such a waiver, now that the removal has been otherwise successfully accomplished.

An objection to the venue as such, in this district, would therefore not be tenable.

VII. The question here involved, however, is really not a question of venue, but a question of the proper service of process on the Interlake Steamship Company to have given the state court or to give this court personal jurisdiction over it.

It is clear from the authorities that the service had on Gorthy, whose relations to the steamship company have been set forth above, was not service on such a representative of the corporation as to have given the New York Supreme Court, or now that the matter has come here with the question of proper service open, to give this court personal jurisdiction over the Interlake Steamship Company. Franco-American Chemical Co. v. McKee Glass Co., 232 F. 198, 199 (S. D. N. Y. D. C.); Doe v. Springfield Boiler & Mfg Co., 104 F. 684, 686 (C. C. A. 9); N. K. Fairbank & Co. v. Cincinnati, N. C. & T. P. Ry. Co. (C. C. A. 7) 54 F. 420, 38 L. R. A. 271; Coler v. Pittsburgh Bridge Co., 146 N. Y. 281, 283, 40 N. E. 779; Taylor v. Granite S. P. Association, 136 N. Y. 343, 346, 32 N. E. 992, 32 Am. St. Rep. 749; City of New York v. Staten Island Midland R. Co. (Sup.) 180 N. Y. S. 1; Appleby v. Insurance Office of Australia, Ltd., 119 Misc. Rep. 378, 379, 196 N. Y. S. 575; Josephy v. Kansas City. etc., Ry. Co., 180 App. Div. 313, 167 N. Y. S. 273; Kiely v. Utica Gas & Electric Co., 134 Misc. Rep. 258, 235 N. Y. S. 288; New York Civil Practice Act, § 229.

It is immaterial what the person served may have said when served. Coler v. Pittsburgh Bridge Co., 146 N. Y. 281, 283, 40 N. E. 779; Loeb v. Star & Herald Co., Inc., 187 App. Div. 175, 175 N. Y. S. 412; Vitolo v. Bee Publishing Co., 66 App. Div. 582, 585, 73 N. Y. S. 273.

That Gorthy may have advised the steamship company of the service of the summons on him matters not. Cf. Loeb v. Star & Herald Co., Inc., 187 App. Div. 179, 175 N. Y. S. 412. On another occasion he might not have done so. Another and less careful man might have thrown the summons away.

The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him.

Submit order in accordance herewith for signature on two days' notice.